UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY GOMES,<br><br>                Plaintiff,<br>v.<br><br>THE BOEING COMPANY,<br><br>                Defendant. | CASE NO. C17-0864JLR<br><br>ORDER TO SHOW CAUSE |

Before the court are Plaintiff Gregory Gomes's complaint (*see* Compl. (Dkt. # 4)) and Magistrate Judge Mary Alice Theiler's order recommending review pursuant to 28 U.S.C. § 1915(e)(2)(B) (*see* 6/9/17 Order (Dkt. # 3) at 1). Mr. Gomes, who is proceeding *pro se* and *in forma pauperis* ("IFP") (*id.*), alleges employment discrimination by Defendant The Boeing Company from March 2011 to March 2012 (Compl. at 2). The court ORDERS Mr. Gomes to show cause no later than July 11, 2017, why the court should not dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

//

ORDER - 1

Under 28 U.S.C. § 1915(e), district courts must review an IFP complaint and dismiss it if at any time the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Although "the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than normal pleadings drafted by lawyers,'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), this does not preclude dismissal where "a liberal construction does not remedy the palpable deficiencies in [the] complaint," *Wallmuller v. Russell*, No. C14-5121RBL-JRC, 2014 WL 2475978, at *2 (W.D. Wash. June 3, 2014).

Although Mr. Gomes's complaint is somewhat vague, it appears Mr. Gomes alleges employment discrimination on the basis of an unnamed disability. (*See* Compl. at

2 ("The employer failed to provide or offer any manner of Disability Accommodation . . . .").) The Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., contains an exhaustion requirement. Timely filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or a state equivalent is a prerequisite a disability-based discrimination claim. *See* 42 U.S.C. § 12117(a) (incorporating the enforcement procedures set forth at 42 U.S.C. § 2000e-5); 42 U.S.C. § 2000e-5(e)(1); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (quoting *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001)); *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006). Although the statutory deadline varies depending on the specific procedure in place, it does not exceed 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). However, the filing requirement "is subject to waiver, estoppel, and equitable tolling." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1009 (9th Cir. 2011) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *see also Ross v. U.S. Postal Serv.*, 696 F.2d 720, 722 (9th Cir. 1983) (holding that equitable considerations must first be presented to the administrative agency).

Mr. Gomes alleges that the discrimination ended in March 2012, but he did not file charges with the EEOC until December 2016. (Compl. at 2; *see also* Right to Sue Letter (Dkt. # 4-1).) Even assuming a 300-day deadline applies to his filing deadline, his window to file an EEOC charge passed in late 2012 or early 2013. (*See* Compl. at 2); 42 U.S.C. § 2000e-5(e)(1); (*see also* Right to Sue Letter at 1 (rejecting Mr. Gomes's charge as untimely filed with the EEOC).) Mr. Gomes alleges no facts suggesting that equitable

doctrines such as waiver, estoppel, or tolling render his EEOC charge timely. (*See* Compl. at 2); *Johnson*, 653 F.3d at 1009; *Josephs*, 443 F.3d at 1061. Indeed, the court can only infer from Mr. Gomes's factual allegations that he was aware of the alleged discrimination and attendant adverse employment actions during his time at Boeing. (*See* Compl. at 2.) It therefore appears that Mr. Gomes's EEOC charge was untimely, which would be fatal to his claim.

Accordingly, the court ORDERS Mr. Gomes to show cause no later than July 11, 2017, why the court should not dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent Mr. Gomes's response adds allegations not contained in the complaint, Mr. Gomes must amend his complaint to include those factual allegations.[1] If Mr. Gomes fails to timely respond to this order or fails to remedy the deficiencies that the court identifies in this order, the court will dismiss his complaint.

Dated this 19th day of June, 2017.

JAMES L. ROBART
United States District Judge

---

[1] "[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

ORDER - 4